IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT W. VANNATTER                                                                    PLAINTIFF

v.                        Civil No. 12-3165

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                         DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Robert W. Vannatter, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying his claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

**I.    Procedural Background**

Plaintiff applied for DIB on August 8, 2010. (Tr. 10.) Plaintiff alleged an onset date of May 31, 2010 based on high blood pressure, arthritis, depression, seizures, hip injury, plate in neck, and plate in hip. (Tr. 174.)  Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on October 27, 2011. (Tr. 42.) Plaintiff was present to testify and was represented by counsel.  The ALJ also heard testimony from Teresa Castille (Plaintiff's sister) and Vocational Expert ("VE") John Massey. (Tr. 42.)

---

[1]Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

At the time of the administrative hearing, Plaintiff was 45 years old, and possessed a high school diploma. (Tr. 47.) The Plaintiff had past relevant work experience ("PRW") as a production line worker, material handler, termite exterminator, salvage yard worker, and insulation installer. (Tr. 26.)

On January 27, 2012, the ALJ concluded that Plaintiff had the following severe impairments: "degenerative disk disease of the cervical spine, status post anterior disk fusion, degenerative joint disease of the left hip, status post hip repair, seizure disorder, hypertension, remote right forearm debridement, major depressive disorder, and generalized anxiety disorder." (Tr. 12.) The ALJ found that Plaintiff maintained the residual functional capacity to perform sedentary work, except the Plaintiff cannot "kneel, crouch, crawl or climb; cannot perform overhead work; can only occasionally balance and stoop; and must avoid even moderate exposure to hazards (machinery, heights, etc.) Further, the Plaintiff is limited to work where interpersonal contact is incidental to the work performed; where the complexity of the tasks is learned and performed by radium with few variable and little judgment required; and where supervision required is simple, direct, and concrete. (Tr. 16.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform such representative occupations as machine operator and assembly production operator. (Tr. 27.)

Plaintiff requested a review by the Appeals Council on February 8, 2012. (Tr. 6.) The Appeals Council denied the appeal on October 26, 2012. (Tr. 1.)

**II.    Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id.* As long as there is substantial evidence in the record to support

the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)©. A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See*

3

*McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

### III.  Discussion

Plaintiff raises two issues on appeal: 1) the ALJ erred in his assessment of Plaintiff's Overall RFC; and 2) the ALJ erred in failing to find that the Plaintiff met Appendix 1 Listing 1.02. (Pl.'s Br. 10, 15.) Because this Court finds that the ALJ erred as to the Overall RFC, issue 2 will not be addressed.

The Physical RFC assessment completed by non-examining physician Dr. Judith Forte on October 20, 2010 is seriously flawed and therefore cannot constitute sufficient medical evidence upon which to base an Overall RFC. It lists Plaintiff's impairments as advanced left degenerative hip disease, status postoperative hip repair; seizure disorder; status postoperative cervical spine fusion; hypertension; and remote history of right forearm debridement. (Tr. 398.) This diagnosis of impairments is consistent with the consultative exam of Dr. Shannon Brownfield on October 19, 2010 and other medical evidence in the record. (Tr. 390.) However the limitations assessed by Dr. Forte are not consistent with the objective medical evidence in the record. For example, the Plaintiff was diagnosed with traumatic degenerative arthritis of the hip and aseptic necrosis of the femoral head by treating orthopedic specialist Dr. Ledbetter as far back as 1984. Dr. Ledbetter noted that the disease would progress in the future and should be monitored. (Tr. 549-50.) The Commissioner agrees that the Plaintiff has traumatic degenerative arthritis of the hip. (Def.'s Br. 9.) Treating physician Dr. Burnett has consistently noted hip pain and diagnosed avascular necrosis for Plaintiff's hip. (*See e.g.* Tr. 554-91.) Consulting examining physician Dr. Brownfield noted moderate to severe degenerative disease in the hip with pain and flexion issues in neck, spine, and hip one day prior to the RFC assessment. (Tr. 394, 405.)Yet Dr. Forte's RFC assessed no postural limitations. (Tr. 400.) An obvious error in assessment such as this places the accuracy of the entire Physical RFC in doubt.

The ALJ recognized this and other deficiencies in Dr. Forte's RFC and assigned some additional physical limitations for Plaintiff. (Tr. 23.) However, a claimant's RFC assessment "must be based on

4

medical evidence that addresses the claimant's ability to function in the workplace." *Stormo v. Barnhart*, 377 F.3d 801, 807 (8th Cir. 2004). "An administrative law judge may not draw upon his own inferences from medical reports."*Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000). When the Physical RFC is so seriously flawed, this Court does not believe that it may constitute sufficient medical evidence upon which to base an Overall RFC. Because there is no other Physical RFC in the record, a remand is required.

On remand, the ALJ is directed to schedule a consultative exam with an orthopedic specialist to assess Plaintiff's physical impairments, including his hip, neck, and right arm. This physical exam must include a Physical RFC Assessment. The ALJ must then include the limitations assessed in this RFC in hyoptheticals to the VE.

## IV.     Conclusion

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

**The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this  13th day of February 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

5

**AO72A**
**(Rev. 8/82)**